(91 South. 291)

No. 24496.

## AUTOMOBILE FINANCE & SECURITIES CO. v. DUGGAN, Inc.

### Opposition of CAROLINA PORTLAND CEMENT CO.

(March 13, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Courts ⬅224(11)—Claim held not within jurisdiction of Supreme Court.**

Where plaintiff foreclosed a mortgage on two motor trucks securing two notes, one for $1,670 and another for $1,270, and later by permission of the court withdrew the second note from the suit, a claim by a third opponent for $1,750, the proceeds of one of the trucks, is not within the jurisdiction of the Supreme Court in view of Const. 1913, art. 85, giving the Supreme Court appellate jurisdiction in cases in which the amount in dispute exceeds

---

[1] Ante, p. 756:

$2,000, nor under article 95, providing that appeals from judgments rendered on incidental demands lie in the court having jurisdiction of the main demand, within the jurisdiction as incidental to the main demand, which was by the withdrawal of one of the notes reduced to. less than $2,000.

**2. Appeal and error ⬅23—Supreme Court is vested with original jurisdiction to determine questions of ·fact affecting its. own appellate jurisdiction.**

Under Const. 1913, art. 85, the Supreme Court is vested with original jurisdiction to determine questions of fact affecting its own appellate jurisdiction, and may examine the record for that purpose and make such orders and decrees as deemed proper, and it is its duty to notice want of jurisdiction.

Appeal from Civil District Court, Parish of Orleans ; E. K. Skinner, Judge.

Suit by the Automobile Finance Securities Company against Duggan, Incorporated, in which the Carolina Portland Cement Company intervened as third opponent. From a judgment dismissing opponent's suit, it appeals. Case transferred to the Court of Appeal for the Parish of Orleans.

Robert H. Marr, of New Orleans, for appellant.

Spencer, Fenner, Gidiere & Phelps and Charles E. Dunbar, Jr., all of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. The plaintiff, Automobile Finance Securities Company, proceeded via executiva against defendant, Duggan, Incorporated, to foreclose a chattel mortgage on two motor trucks.

The mortgage debt was evidenced by two notes, one for $1,670 and the other for $1,270, with 8 per cent. per annum interest from April 8, 1920, and 15 per cent. attorney's fees.

The Carolina Portland Cement Company opposed the seizure and sale of one of the trucks, claiming to be owner of same by pur-

chase from the defendant, Duggan, Incorporated, in due course of business. For the purpose of this opinion, it is not necessary to refer to the allegations of the opponent's petition, except to say that the prayer was for judgment decreeing opponent to be the owner of said truck; that the same be decreed not subject to the plaintiff's chattel mortgage; further, that said truck be restored to the possession of opponent. There was no injunction against the sale of the truck by the sheriff, and, proceeding under the writ in his hands, the civil sheriff sold the truck at public auction on August 9, 1920.

On the day following the sale, the opponent filed a petition, setting forth the fact of such sale and asking the court to order the sheriff to keep in his possession the $1,750, alleged to be the proceeds of the sale, until it should be finally adjudicated whether the said truck was the property of opponent and it was entitled to said proceeds of sale, or whether the so-called chattel mortgagee was entitled to the same. The order was granted as prayed for.

Thereafter, on October 16, 1920, the plaintiff, through its counsel, filed an exception of no cause of action to the original petition and demand of opponent.

The exception was sustained by the court, opponent's suit was dismissed, and opponent prosecutes an appeal to this court.

## Opinion.

[1] It is obvious that this court is without jurisdiction to entertain the appeal. Pending the proceedings in the lower court, and before the exception of no cause of action was tried and sustained, the truck, as before noted, was sold by the sheriff under the writ, and the sum realized was $1,750, and that fund, on motion of opponent's counsel, was ordered retained by the sheriff, until it was finally determined by the court as to who was entitled to it.

In the brief of opponent's counsel it is stated:

"Inasmuch as intervener did not proceed by injunction, the property was sold, intervener claiming the right to be paid out of the proceeds by preference."

The legal effect of the action of the opponent was to recognize the judicial sale of the truck and to convert its demand for the ownership of the truck into one for the proceeds of the sale or the price of the truck.

The ownership of that fund, in the hands of the sheriff, presented the sole issue between the plaintiff and opponent at the time judgment was rendered in the lower court, and the right to that fund presents the sole issue on this appeal. That fund, therefore, constitutes "the fund to be distributed," the thing in dispute between the parties.

The amount is below the lower limit of the jurisdiction of this court. Constitution of 1913, art. 85.

It may be argued that the principal demand of the plaintiff against the defendant exceeded the sum of $2,000, and that, opponent's claim being one incidental to the main demand, the appeal lies to the court having appellate jurisdiction of the main demand. Constitution 1913, art. 95.

Conceding that a third opposition comes within the meaning of an incidental demand, which we do not for a moment concede, an examination of the record discloses that, before the final judgment of dismissal of opponent's petition was rendered, the plaintiff, through counsel, alleging that the truck not claimed by the cement company was claimed by one M. L. Opotowsky, and that the latter claimant had paid plaintiff $1,270, interest and costs, represented by one of the mortgage notes, asked permission of the court to withdraw the said note for $1,270 permanently from the records of the court in order to deliver the same to said Opotowsky, who purchased the same. The request was grant-

ed, and the note was so withdrawn permanently from the suit and no longer formed a part of plaintiff's demand in the main suit. The action of the plaintiff was an abandonment of so much of the main demand as was represented by the note and reduced that demand below $2,000.

[2] It may be contended that the exception of no cause of action was tried on the face of opponent's petition and that the facts on which the conclusion of the court is based do not appear from that petition. It may be stated that no jurisdictional amount is set out in the petition; no value is placed on the truck claimed. The court, however, is vested with original jurisdiction for the determination of questions of fact affecting its own appellate jurisdiction and may examine the record for that purpose and make such orders and decrees as deemed proper. Constitution of 1913, art. 85.

It is needless to say that it is the duty of the court to notice want of jurisdiction.

It is ordered that this case be transferred to the Court of Appeal for the parish of Orleans, at the cost of appellant, incurred in bringing the appeal to this court.